Filed 8/16/21  P. v. Brooks CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEGEND BROOKS,<br><br>    Defendant and Appellant. | 2d Crim. No. B307652<br>(Super. Ct. No. TA137685)<br>(Los Angeles County) |

　　　　This is the third appeal from the sentence imposed after Legend Brooks was convicted, by jury, of assault with a firearm and possession of a firearm by a felon.  (Pen. Code, §§ 245, subd. (b), 29800, subd. (a)(1).)[1]  While the appeals were pending, our Legislature amended section 667.5.  (Stats. 2019, ch. 590. § 1.)  As amended, the statute authorizes a one-year prior prison term enhancement only where the prior term was served for a sexually violent offense.  (§ 667.5, subd. (b).)  Brooks'

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

sentence includes a one-year prior prison term enhancement imposed under the former version of section 667.5. Because his prior prison term was not for a sexually violent offense, Brooks contends the matter must be remanded for resentencing. Respondent concedes a remand is necessary. We agree.

FACTS AND PROCEDURAL HISTORY

Brooks was convicted in 2016 of assault with a firearm and possession of a firearm by a felony. The trial court imposed a sentence of 16 years, 8 months, including a 1-year prior prison term enhancement under former section 667.5, subdivision (b). We affirmed the conviction, but remanded for resentencing, so the trial court could exercise its newly-established discretion to impose or strike the firearm use enhancement. (§§1385, 12022.5, subd. (a); *People v. Brim, et al.* (Oct. 2, 2018, B275782) [non-pub. opn.].)

The trial court entered a minute order declining to strike the firearm use enhancement before the remittitur issued and outside the presence of the parties or their counsel. We remanded for resentencing at a hearing at which appellant had the right to be present with counsel. (*People v. Brooks* (Nov. 18, 2019, B294596) [non-pub. opn.].) At the resentencing hearing, in July 2020, the trial court again declined to strike the firearm use enhancement. It also left the prior prison term enhancement unchanged.

DISCUSSION

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5, subdivision (b) to authorize a one-year prior prison term enhancement only where the prior prison term was served "for a sexually violent

2

offense . . . ." (Stats. 2019, ch. 590. §1.)  Appellant's prior conviction, for which he served a prior prison term, was for resisting an executive officer.  (§69.)  This offense no longer qualifies under section 667.5 for the prior prison term enhancement.  The amended statute applies to appellant because the judgment in this case is not yet final.  (*People v. Gastelum* (2020) 45 Cal.App.5th 757, 772 (*Gastelum*); *People v. Lopez* (2019) 42 Cal.App.5th 337, 341; *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 306-308.)

Appellant is no longer eligible for the one-year prior prison term enhancement.  Because the trial court did not impose the maximum possible sentence in this case, the matter must be remanded to the trial court for resentencing.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893; *Gastelum*, *supra*, 45 Cal.App.5th at pp. 772-773.)

DISPOSITION

The judgment on resentencing is reversed.  The matter is remanded to the trial court with directions to strike the section 667.5, subdivision (b) enhancement and to re-sentence appellant.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:


GILBERT, P. J.


TANGEMAN, J.

3

Allen Joseph Webster, Jr., Judge

Superior Court County of Los Angeles

_____

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Idan Ivri, Deputy Attorney General, for Plaintiff and Respondent.